## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| NATALIE KRISTEN DE LA ROCHA, | |
| Plaintiff, | |
| -vs- | CASE NO. |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and CREDENCE RESOURCE MANAGEMENT, LLC, | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, NATALIE KRISTEN DE LA ROCHA (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), and CREDENCE RESOURCE MANAGEMENT, LLC (hereinafter "Credence") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.      Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as the principal address of Equifax is in this District; a substantial portion of the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.      Plaintiff is a natural person and resident of Maricopa County in the State of Arizona. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia, 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Credence is a corporation with its principal place of business in the State of Texas and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Credence is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.     Credence furnished information about Plaintiff to Equifax and Experian that was inaccurate.

## FACTUAL ALLEGATIONS

19.    Plaintiff is alleged to owe a debt Credence, partial account number 273091XXX, as to a collection account on behalf of Cox Communications, Inc. (hereinafter "Credence Account"). Plaintiff does not have an account with Cox Communications, Inc. and never applied or gave permission to anyone to apply using her information for the Credence Account.

20.    Plaintiff recently became aware of the Credence Account following the denial of at least two (2) loan and/or line of credit applications.

21.    Shortly thereafter, Plaintiff contacted Cox Communications, Inc. to request more information and ask for the account to be removed. However, the representative for Cox Communications, Inc. was unable to assist with removing the account or provide any additional information to Plaintiff because, per the representative, there were no accounts belonging to Plaintiff.

22.    On or about January 16, 2024, Plaintiff obtained copies of her credit report from Experian. Upon review, Plaintiff observed the Credence Account was appearing with a status of collection and a balance of $274.

23.    On or about February 9, 2024, Plaintiff reported the Credence Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 240209-13265884.

24.    In the CFPB report, Plaintiff detailed the fact that the Credence Account was a collection account appearing on her credit report on behalf of Cox

Communications, Inc. and did not belong to her. She requested an investigation into the inaccurate reporting.

25.    Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax and Experian, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

26.    Upon information and belief, Equifax and Experian failed to review the CFPB complaint that Plaintiff filed and continued to inaccurately report the Credence Account on her credit report.

27.    Due to the inaccurate reporting, on or about February 16, 2024, Plaintiff submitted online detailed written dispute letters to Equifax and Experian. In the letter, Plaintiff explained the Credence Account did not belong to her. In the letter, Plaintiff included an image of her driver's license to confirm her identity. Plaintiff also included images of the erroneous credit reporting.

28.    On or about February 19, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating the investigation was complete and results were available online. However, Plaintiff was unable to obtain dispute results online.

29.    On or about April 5, 2024, Plaintiff contacted Equifax to request her dispute results and was advised the Credence Account was verified as accurate and continued to appear on her Equifax credit report.

30.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

31.    Equifax never attempted to contact Plaintiff during the alleged investigation.

32.    Upon information and belief, Equifax notified Credence of Plaintiff's dispute. However, Credence failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

33.    On or about March 9, 2024, Plaintiff received dispute results from Experian which stated the Credence Account was verified and updated.

34.    Upon review of her Experian credit on or about March 18, 2024, Plaintiff observed the Credence Account continued to be reported with a balance of $274 and comment which stated, "account information disputed by consumer (meets requirement of the Fair Credit Reporting Act)".

35.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

36.    Experian never attempted to contact Plaintiff during the alleged investigation.

37.    Upon information and belief, Experian notified Credence of Plaintiff's dispute. However, Credence failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

38.    Due to the continued inaccurate reporting, on or about April 5, 2024, Plaintiff contacted Equifax and Experian via telephone to dispute the continued erroneous reporting and reiterated the Credence Account did not belong to her.

39.    On or about April 5, 2024, the same day, Experian responded to Plaintiff's telephonic dispute by stating the Credence Account was verified and updated.

40.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

41.    Experian never attempted to contact Plaintiff during the alleged investigation.

42.    Upon information and belief, Experian notified Credence of Plaintiff's dispute. However, Credence failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

43.    As of the filing of this Complaint, Plaintiff has not received dispute results from Equifax as to her telephonic dispute.

44.    Despite Plaintiff's best efforts to have the fraudulent account removed, upon information and belief, Equifax and Experian continue to report the inaccurate

and fraudulent Credence Account on Plaintiff's credit report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

45.    Equifax and Experian simply continued to parrot off the back of the furnishers and have not conducted an actual investigation despite Plaintiff's pleas.

46.    Defendants have never attempted to contact Plaintiff about her disputes and refused to conduct a meaningful and thorough investigation into her disputes as it is required to by law or otherwise make her credit file accurate.

47.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    iv.    Reduction in credit score;

    v.    Denial of at least two (2) loan and/or line of credit applications;

vi.     Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score; and

vii.    Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

48.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

49.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

50.     Equifax allowed for Furnisher(s) to report inaccurate information on an account. Equifax failed to have policies and procedures to avoid misreporting accounts.

51.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

52.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

53.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

54.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

55.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

11

56.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

57.    Equifax allowed for Furnisher(s) to report inaccurate information on an account. Equifax failed to have policies and procedures to avoid misreporting accounts.

58.    Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

59.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

60.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

61.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

62.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

63.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

64.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

65.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

66.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

67.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

68.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

69.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

70.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

71.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

72.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

73.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

74.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

75.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

76.    Experian allowed for Furnisher(s) to report inaccurate information on an account. Experian failed to have policies and procedures to avoid misreporting accounts.

77.    Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

78.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

79.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

80.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

81.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

82.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

83.    Experian allowed for Furnisher(s) to report inaccurate information on an account. Experian failed to have policies and procedures to avoid misreporting accounts.

84.    Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

85.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

86.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

87.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

88.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

89.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

90.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

91.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

92.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

93.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

94.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

95.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. §
1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after
receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation;
(3) failing to maintain reasonable procedures with which to filter and verify disputed
information in Plaintiff's credit file, and (4) relying upon verification from a source
it has to know is unreliable.

96.     Despite the large amount of information and documentation produced
by Plaintiff demonstrating the fraud, Experian refused to conduct any independent
investigations into Plaintiff's disputes and simply transferred the duty to investigate
to the furnisher(s).

97.     As a direct result of this conduct, action and/or inaction of Experian,
Plaintiff suffered damages, including without limitation, loss of ability to benefit
from lower interest rates; loss of time; financial loss; and mental and emotional pain
stemming from the anguish, humiliation, apprehension in applying for credit, and
the damages otherwise outlined in this Complaint.

98.     The conduct, action, and/or inaction of Experian was willful, rendering
it liable for actual or statutory damages and punitive damages in an amount to be
determined by the Court pursuant to 15 USC § 1681n.

99.     Plaintiff is entitled to recover costs and attorney's fees from Experian
in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT IX**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Credence Resource Management, LLC (Negligent)**

100.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

101.   Credence furnished inaccurate account information to Equifax and Experian, and through those CRAs to all of Plaintiff's potential lenders.

102.   After receiving Plaintiff's disputes, Credence violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

103.   Credence did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient

evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Credence by the Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account in fact belonged to her. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff's file was being mixed or that Plaintiff was a victim of identity theft.

104.   Credence violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

105.   As a direct result of this conduct, action and/or inaction of Credence, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

106.   The conduct, action, and/or inaction of Credence was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

107.   Plaintiff is entitled to recover costs and attorney's fees from Credence in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual damages against Defendant, CREDENCE RESOURCE MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT X**</u>
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Credence Resource Management, LLC (Willful)**

108.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

109.   Credence furnished inaccurate account information to Equifax and Experian, and through those CRAs to all of Plaintiff's potential lenders.

110.   After receiving Plaintiff's disputes, Credence violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

111.   Credence did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Credence by the Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account in fact belonged to her. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff's file was being mixed or that Plaintiff was a victim of identity theft.

112.   Credence violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

113.   As a direct result of this conduct, action and/or inaction of Credence, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

114.   The conduct, action, and/or inaction of Credence was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

115.   Plaintiff is entitled to recover costs and attorney's fees from Credence in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CREDENCE RESOURCE MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NATALIE KRISTEN DE LA ROCHA, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and CREDENCE RESOURCE MANAGEMENT, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 17th day of April 2024.

Respectfully Submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez

Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*